NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0102n.06

No. 24-5623

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| MARION LATROY ALEXANDRIA-WILLIAMS; NELL WILLIAMS, | ) ) ) | **FILED** Feb 24, 2025 KELLY L. STEPHENS, Clerk |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
| DEUTSCHE BANK NATIONAL TRUST COMPANY; PHH MORTGAGE CORPORATION, | ) ) ) | OPINION |
| Defendants-Appellees. | ) |  |

Before: MOORE, KETHLEDGE, and BLOOMEKATZ, Circuit Judges.

KETHLEDGE, Circuit Judge. Marion and Nell Williams appeal the district court's dismissal of their breach-of-contract claim against Deutsche Bank National Trust Company and PHH Mortgage Corporation. We affirm.

The Williamses allege that PHH Mortgage Corporation (formerly Ocwen Loan Servicing, LLC) serviced their mortgage and maintained a homeowners' insurance policy on their home. They also allege (in their brief but not in their complaint) that their "home was damaged in a storm" and that Ocwen "promised to make repairs." The Williamses paid to fix the house but have not been reimbursed. They later brought this suit against PHH Mortgage (as Ocwen's successor in interest) and Deutsche Bank (as trustee) for breach of contract. The defendants filed a motion to dismiss for failure to state a claim, which the district court granted. We review that decision de novo. *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017).

Under Tennessee law, an element of a claim for breach of contract is the existence of a contract between the plaintiff and the defendant. *Fed. Ins. Co. v. Winters*, 354 S.W.3d 287, 291 (Tenn. 2011). Here, the plaintiffs allege in their complaint that an enforceable contract exists between them and the defendants. But that amounts merely to an allegation of a legal conclusion, which is insufficient to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor does the "Evidence of Insurance" document attached to the complaint help them to state a claim for breach of contract. As the district court observed, that document says nothing to indicate that it is a contract between the Williamses and PHH Mortgage (or Ocwen), and "Deutsche Bank is not listed as a party, in any capacity, on the document."

The Williamses also argue, for the first time on appeal, that the defendants were parties to a contract for "limited dual interest insurance"—of which, the Williamses say, they might have been beneficiaries. But that argument is both waived and meritless: plaintiffs neither raised this argument in the district court, nor alleged any particular facts to support it. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The district court's judgment is affirmed.